# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| REITA L. PARTIN | § | |
| | § | |
| | § | |
| V. | § | CASE NO. 4:08-CV-029 |
| | § | (Judge Schneider/Judge Mazzant) |
| COMMISSIONER OF SOCIAL | § | |
| SECURITY ADMINISTRATION | § | |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

The Plaintiff brings this appeal under 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner denying her claim for disability insurance benefits and supplemental security income. After carefully reviewing the briefs submitted by the parties, as well as the evidence contained in the administrative record, the Court finds that the Commissioner's decision should be remanded.

## HISTORY OF THE CASE

Plaintiff filed her application for disability insurance benefits under Title II and supplemental security income under Title XVI on November 8, 2002, alleging disability beginning on October 4, 1997. This application was denied initially and upon reconsideration, after which the claimant requested a hearing before an ALJ. After holding a hearing on August 19, 2004, the ALJ denied benefits on December 23, 2004 (TR 55-63). On October 18, 2005, the Appeals Council vacated the hearing decision and remanded the case to an ALJ for further proceedings (TR 72-74).

After a supplemental hearing was held on June 28, 2007, the ALJ issued an unfavorable decision on September 24, 2007 (TR 18-27). An appeal to the Appeals Council denied claimant's relief on November 20, 2007 (TR 6-8), making the decision of the ALJ the final decision of the

Commissioner leading to judicial review.

## STATEMENT OF THE FACTS

Plaintiff was born on July 3, 1948, making her a 49-year-old female at the time of her alleged onset date (TR 83, 413). Plaintiff only finished the seventh grade (TR 105, 465), and never earned a General Education Development (GED) certificate, but she did attend cosmetology school in the early 1970s (TR 156-57, 450-451, 465).

## ADMINISTRATIVE LAW JUDGE'S FINDINGS

After a discussion of the medical data regarding Plaintiff and her hearing testimony, the ALJ made the prescribed sequential evaluation. The ALJ held that Plaintiff retained the residual functional capacity to perform her past relevant work. The ALJ found Plaintiff not disabled at Step 4.

## STANDARD OF REVIEW

In an appeal under § 405(g), this Court must review the Commissioner's decision to determine whether there is substantial evidence in the record to support the Commissioner's factual findings and whether the Commissioner applied the proper legal standards in evaluating the evidence. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994), 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Cook v. Heckler*, 750 F.2d 391, 392 (5th Cir. 1985); *Jones v. Heckler*, 702 F.2d 616, 620 (5th Cir. 1983). This Court cannot reweigh the evidence or substitute its judgment for that of the Commissioner, *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1995), and conflicts in the evidence are resolved by the Commissioner. *Carry v. Heckler*, 750 F.2d 479, 484 (5th Cir. 1985).

The legal standard for determining disability under Titles II and XVI of the Act is whether

the claimant is unable to perform substantial gainful activity for at least twelve months because of a medically determinable impairment. 42 U.S.C. §§ 423(d), 1382c(a)(3)(A); *see also Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). In determining a capability to perform "substantial gainful activity," a five-step "sequential evaluation" is used, as described below. 20 C.F.R. § 1520(a)(4) (2008).

## SEQUENTIAL EVALUATION PROCESS

Pursuant to the statutory provisions governing disability determinations, the Commissioner has promulgated regulations that establish a five-step process to determine whether a claimant suffers from a disability. 20 C.F.R. § 404.1520 (2008). First, a claimant who at the time of his disability claim is engaged in substantial gainful employment is not disabled. 20 C.F.R. § 404.1520(b) (2008). Second, the claimant is not disabled if her alleged impairment is not severe, without consideration of her residual functional capacity, age, education, or work experience. 20 C.F.R. § 404.1520(c) (2008). Third, if the alleged impairment is severe, the claimant is considered disabled if his impairment corresponds to an impairment described in 20 C.F.R., Subpart P, Appendix 1 (1987). 20 C.F.R. § 404.1520(d) (2008). Fourth, a claimant with a severe impairment that does not correspond to a listed impairment is not considered to be disabled if she is capable of performing her past work. 20 C.F.R. § 404.1520(e) (2008). Finally, a claimant who cannot return to her past work is not disabled if she has the residual functional capacity to engage in work available in the national economy. 20 C.F.R. § 404.1529(f) (2008); 42 U.S.C. § 1382(a).

## ANALYSIS

Plaintiff asserts generally that the ALJ failed to apply the appropriate legal standards in finding that Plaintiff retains the physical residual capacity to lift twenty (20) pounds. Specifically,

3

Plaintiff asserts the following: (1) that the ALJ adopted the opinion of the non-examining state agency medical consultants that Plaintiff can lift twenty (20) pounds occasionally; (2) that the ALJ failed to weigh the medical source statement opinion of consultative examiner Zahid Zafar, M.D., and to articulate any reason for rejecting Dr. Zafar's opinion that Plaintiff can lift only ten (10) pounds; (3) that the consultative examiner's opinion should have been granted greater weight than the non-examining state agency medical consultants' opinion; and (4) Plaintiff was prejudiced by the ALJ's failure to apply the appropriate legal standards.

The ALJ found that Plaintiff had a severe impairment of degenerative disc disease, status post surgery. The ALJ then made the required findings that Plaintiff had the following residual functional capacity:

> The claimant has the residual functional capacity to lift up to twenty (20) pounds at a time, lift/carry ten (10) pounds frequently, sit 6 hours of an 8 hour workday, stand/walk 6 hours of an 8 hour workday, no climbing ladders or ropes and occasional overhead reaching.

Finally, the ALJ, relying upon the testimony of a vocational expert, held that Plaintiff was able to perform all of her past relevant work as a salesperson, secretary, and sewing machine operator and was not disabled at Step 4.

Plaintiff asserts that the ALJ did not state an explanation for rejecting the consultative examiner's medical source statement. Plaintiff argues that the ALJ was required to state an explanation for rejecting the consultative examiner's medical source statement opinion that Plaintiff can only lift ten (10) pounds.

The Commissioner asserts that the opinion of a consultative examiner is not binding or determinative and an ALJ is not required to accept verbatim or formally "reject" every statement made by a consultative examiner, particularly when there is other substantial evidence that supports

4

the ALJ's decision. The Commissioner focuses on the argument that a treating physician's opinion need not be accepted when the evidence supports a contrary conclusion, and a physician's statement that is conclusory and not well supported is entitled to little or no weight.

Social Security Ruling ("SSR") 96-5p states that "medical source statements are medical opinions submitted by acceptable medical sources, including treating sources and consultative examiners, about what an individual can do despite severe impairment(s)." *See* SSR 96-5p. Furthermore, "adjudicators must weigh medical source statements under the rules set out in 20 C.F.R. § 404.1527 and § 416.927, providing appropriate explanations for accepting or rejecting such opinions." *See* SSR 96-5p. For every medical opinion received, the ALJ must consider six factors in deciding what weight to give a medical opinion. 20 C.F.R. § 404.1527(d) (2008). The six factor test requires that the ALJ consider the following: (1) examining relationship, (2) treatment relationship including length, nature, and extent of treatment, (3) supportability of the medical opinion, (4) consistency with the record as a whole, (5) the specialization of the physician, (6) and other factors brought by the Plaintiff. 20 C.F.R. § 404.1527(d)(1-6) (2008).

However, in reviewing the ALJ's decision, the Court cannot find where the ALJ discussed the six factors listed above or gave any explanation for rejecting the medical source statement by consultative examiner Dr. Zahid Zafar, M.D. that Plaintiff can carry about ten (10) pounds of weight for short period(s) and short distances. Rather, the ALJ found:

> I have considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 C.F.R. 404.1529 and 416.929 and SSRs 96-4p and 96-7p. I have also considered opinion evidence in accordance with the requirements of 20 C.F.R. §404.1527 and §416.927 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p (TR 24).

5

This boilerplate language used by the ALJ does not provide an appropriate explanation for rejecting the medical source statement of Dr. Zafar under SSR 96-5p. The Plaintiff cites several Fifth Circuit cases in support of the proposition that an ALJ cannot reject a medical opinion without an explanation. *See Loza v. Apfel*, 219 F.3d 378, 395 (5th Cir. 2000); *Myers v. Apfel*, 238 F.3d 617, 621 (5th Cir. 2001); *Butler v. Barnhart*, 99 F. App'x 559, 560 (5th Cir. 2004). The Commissioner argues, with no citing references, that an ALJ is not required to accept verbatim or formally reject every statement made by a consultative examiner, particularly when there is other substantial evidence that supports the ALJ's decision.

The Court disagrees with the Commissioner's argument. Under SSR 96-5p, a consultative examiner's report is considered a medical source statement, and the adjudicator must weigh the medical source statements under the rules set out in 20 C.F.R. § 404.1527 and § 416.927, providing appropriate explanations for accepting or rejecting such opinions. *See* SSR 96-5p. While this does not suggest that the ALJ must formally reject every statement made by a consultative examiner, an ALJ must use more than mere boilerplate language to accept or reject a medical source statement opined by a consultative examiner. As mentioned above, in reviewing the ALJ decision, the Court cannot find any substantive discussion by the ALJ concerning the weight given to the medical source statement under 20 C.F.R. § 404.1527 and § 416.927, nor any appropriate explanation for rejecting Dr. Zafar's medical source statement.

Plaintiff further argues that if the ALJ's residual functional capacity finding conflicts with an opinion from any acceptable medical source, the ALJ must explain why the opinion was not adopted. In response, the Commissioner argues there was substantial evidence, including treatment records, examination findings, test results, and the findings of the state agency medical consultants,

which supports the ALJ's residual functional capacity determination and that the ALJ has the authority to reject a consultative examiner's medical source statement opinion. The Commissioner cites six Fifth Circuit cases in support of this argument. These six cases do not have any bearing on the issue at hand. First, four of the six cases cited were decided before SSR 96-5p and 96-8p were issued, which require an explanation as to why a medical source statement was rejected.[1] Secondly, the two other cases cited address a treating physician's opinion and not a consultative examiner's opinion.[2]

The Court cannot find where the ALJ made any discussion concerning the reason(s) why the opinion of Dr. Zafar, an acceptable medical source opinion, was not adopted. The ALJ only discussed the findings of Dr. Zafar but made no mention of the reasons for rejecting Dr. Zafar's opinion. The Court's reading of the testimony along with the entire record requires the Court to remand to the Commissioner for further consideration of Dr. Zafar's evaluations. The case should be remanded for further review.

. **RECOMMENDATION**

Pursuant to the foregoing, it is RECOMMENDED that the decision of the Administrative Law Judge should be **REMANDED** for further review.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days shall bar an aggrieved party from attacking the factual findings on

---

[1] *See Greigo v. Sullivan*, 940 F.2d 942, 945 (5th Cir. 1991); *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994); *Martinez v. Chater*, 64 F.3d 172, 176 (5th Cir. 1995); *Leggett v. Chater*, 67 F.3d 558, 566 (5th Cir. 1995).

[2] *See Frank v. Barnhart*, 326 F.3d 618, 620 (5th Cir. 2003)(The ALJ not required to perform a § 404.1527 analysis on a treating source's opinion that claimant cannot work); *Perez v. Barnhart*, 415 F.3d 457, 465 (5th Cir. 2005).

appeal. *Thomas v. Arn*, 474 U.S. 140, 106 (1985); *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. 1982) (en banc).

**SIGNED this 8th day of June, 2009.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE